# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DIEGO V.M., | Case No. 26-CV-814 (NEB/JFD) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Diego V.M.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Diego V.M. is a citizen of Guatemala who has lived in the United States since he entered the country in 2019. (*Id.* ¶ 1.) The record before the Court does not reflect any criminal history.

On January 29, 2026, Immigration and Customs Enforcement ("ICE") took Diego V.M. into custody—without a warrant. (*Id.* ¶¶ 16, 57.) Afterwards, Diego V.M. filed this habeas action challenging his detention under 28 U.S.C. § 2241. (*Id.* ¶ 4.)

Diego V.M. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners,

Diego V.M. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). (*Id.* ¶ 34.) Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over 6 years ago, Diego V.M. asserts that Section 1226, rather than Section 1225, applies. (Pet. ¶ 34.) He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA and its implementing regulations, and the Administrative Procedure Act. (*Id.* ¶¶ 35–51.)

The Court has already concluded that petitioners similarly situated to Diego V.M. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Diego V.M. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Diego V.M.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 6 at 3–7.[1]) The Court recognizes, but is not persuaded by, the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[2]

---

[1] All page citations to the record or other dockets reference ECF pagination.

[2] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

3

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Diego V.M. requests immediate release (Pet. ¶ 52), while Respondents assert that a custody redetermination hearing before an immigration judge would be the proper remedy (ECF No. 6 at 13–14.). Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4.

Diego V.M. asserts that his arrest was warrantless. (Pet. ¶ 34.) The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Diego V.M.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Diego V.M.'s arrest. They instead argue that a warrant is not required even if he is subject to discretionary detention under Section 1226(a). (ECF No. 6 at 13–14.) To support this claim, Respondents point to the "plain text" of Section 1226(a)(2)(A)—that the government "may release the alien . . . on a bond of at least $1,500." The citation is correct, but Respondents ignore the language directly above it. (*Id.* at 14.) There, Section 1226(a) expressly provides that a noncitizen may be arrested and detained *on a warrant issued by the Attorney General*." 8 U.S.C. § 1226(a) ("On a warrant

issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Because under the plain text of the statute, a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Diego V.M.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Diego V.M.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a.    DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b.    ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two

hours' advance notice to counsel, but not later than 24 hours after

entry of this Order;

c.      ORDERS that Respondents release Petitioner in Minnesota with all

Petitioner's personal effects, including all personal property seized

during Petitioner's arrest such as, but not limited to, immigration

paperwork;

d.      ENJOINS Respondents from imposing any condition of release;

e.      ORDERS that, within **two days** of release, the Respondents shall file

notice on the docket confirming that release within Minnesota has

occurred; and

f.      ENJOINS Respondents from moving Petitioner outside of

Minnesota prior to Compliance with this Order. If Petitioner has

already been removed from Minnesota, Respondents are ORDERED

to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 1, 2026                    BY THE COURT:
Time:  12:07 p.m.                          s/Nancy E. Brasel
                                           Nancy E. Brasel
                                           United States District Judge